**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE: **Judith Gomez Davila**
DEBTOR(S)

BK. CASE # **10-03735-BKT13**
CHAPTER 13

## CHAPTER 13 PAYMENT PLAN-AMENDED

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims.** Any party entitled to receive disbursements from the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee: ■ directly □ by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
□ 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

**PLAN DATED:** May 10, 2010
■ PRE □ POST-CONFIRMATION

■ **AMENDED PLAN DATED:** July 1, 2010
FILED BY ■ DEBTOR □ TRUSTEE □ UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | 290.00 | x | 2 | = $ | 580.00 |
| $ | 320.00 | x | 58 | = $ | 18,560.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | | x | | = $ | |
| $ | | x | | = $ | |
| | TOTAL = | | 60 | $ | 19,140.00 |

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from _____
□ Sale of property identified as follows:

□ Other: _____

Periodic Payments to be made other than and in addition to the above.
$ _____ x _____ = $ _____
To be made on: _____

**PROPOSED PLAN BASE**: $ **19,140.00**

### II. ATTORNEY'S FEES
To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement: $ **3,000.00**
b. Fees Paid (Pre-Petition): ($ **1,000.00** )
c. R 2016 Outstanding balance: ($ **2,000.00** )
d. Post Petition Additional Fees: $ **0.00**
e. Total Compensation: $ **3,000.00**

Signed: **/s/ Judith Gomez Davila**
DEBTOR

_____
JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** □ Debtor represents that there are no secured claims.
■ Secured creditors will retain their liens and shall be paid as follows:
■ **ADEQUATE PROTECTION** Payments: Cr. **Reliable** $ **132.00**
■ Trustee will pay secured **ARREARS**:
Cr. **Banco Popular** Cr. _____ Cr. _____
Acct. **07101001-842149** Acct. _____ Acct. _____
$ **567.00** $ _____ $ _____

□ Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. _____ Cr. _____ Cr. _____
Acct. _____ Acct. _____ Acct. _____
Monthly Pymt.$ _____ Monthly _____ Monthly _____

■ Trustee will pay **IN FULL** Secured Claims:
Cr. **Reliable** Cr. _____ Cr. _____
$ **9,630.40** $ _____ $ _____

□ Trustee will pay **VALUE OF COLLATERAL**:
Cr. _____ Cr. _____ Cr. _____
$. _____ $. _____ $. _____

■ Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. **Reliable** Ins. Co. **Eastern** Premium: $ **1,305.00**
(Please indicate in "Other Provisions" the insurance coverage period)
■ Debtor SURRENDERS COLLATERAL TO Lien Holder: **COOPACA**
■ Debtor will maintain REGULAR PAYMENTS DIRECTLY to: **Banco Popular de Puerto**

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
□ _____

**C. UNSECURED PREFERRED:** Plan □ Classifies ■ Does not Classify claims
□ Class A: □ Co-debtor Claims: □ Pay 100%/□ "Pay Ahead"
□ Class B: □ Other Class:
□ Cr. _____ □ Cr. _____ □ Cr. _____
$ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = **1,248.42** )
□ Will be paid 100% plus ___% Legal Interest. ■ Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**

* **For additional other provisions, please see attachment sheet(s).**

ATTORNEY FOR DEBTOR: **/s/ Edgar J. Rivera, Esq.** Phone: **787-653-9519**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **Judith Gomez Davila**

DEBTOR(S)

BK. CASE # **10-03735-BKT13**

CHAPTER 13

## Chapter 13 Plan Continuation Sheet

**Additional Other Provisions:**

**INSURANCE OF SECURED PROPERTY**

The secured creditor Reliable Financial Services Inc. has interest in: 2007 Toyota Yaris, 4 dr, automatic transmission, with over 51,963 miles, in good condition; that will be insured, and its coverage period is from December 2012 to the date of plan termination.

Insurance to be provided to Reliable Financial by Eastern America Insurance Co. after maturity date of December 2012. Premium payments shall be paid by the Trustee.

Per Eastern America's quote (see attachment), monthly premium payments are $45.00 for 29 months.

**PRESENT VALUE INTEREST RATE**

The Puerto Rico Office of Financial Institutions ("OCIF", by their Spanish acronym) is charged with determining the legal interest rate for private debts adjudicated by a court or tribunal. The current legal interest rate set by OCIF is 4.25%.

Trustee will pay allowed unsecured claims the present value of their respective claims, using the prevailing legal interest rate set by OCIF, i.e. 4.25% up to the amount of the plan's base or the total allowed unsecured claims, whichever is less.

**TAX REFUNDS**

Any post petition income tax refund that the debtor would be entitled to receive during the term of the plan will be used to fund this plan.

After its confirmation, and without further notice, hearing or Court order, the plan shall be deemed modified by increments to its Base, in an amount equal to the amount of each income tax refund to the extent and the maximum amount necessary to pay the total general unsecured value of the claims filed in this case.

**ADDITIONAL PROVISIONS:**

Late filed claims filed by creditors shall receive no distribution.

If prior to the expiration of the term of this plan all filed claims entitled to payment are paid in full, this plan shall terminate on that date.

Consequently, this plan shall be deemed complete when all filed and allowed claims are paid in full or upon completion of the payment plan listed above, whichever first occurs.

Upon completion of this plan, all sums remaining in the hands of the trustee shall be returned to the Debtor.

"Surrenders collateral" shall mean any shares and/or savings within any Cooperativa, Association or Bank.

Debtor reserves the right to object claims after plan confirmation.